■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON C. DAVIS, Appellant.—Judgment, County Court, St. Lawrence County, rendered January 27, 1977, affirmed. No opinion. Kane, Mahoney, Main and Mikoll, JJ., concur; Sweeney, J. P., dissents and votes to reverse in the following memorandum. Sweeney, J. P., (dissenting). I am unable to agree with the majority that the conviction should be affirmed and, therefore, vote to reverse. There are two basic errors requiring reversal and a new trial. In his opening statement, defendant's counsel referred to a particular hotel fire supposedly involving the defendant. During the trial, defendant was cross-examined, over objection, concerning that fire and he denied any responsibility for it. The proseuction thereafter introduced into evidence a confession by defendant in which he admitted responsibility for the hotel fire. It is conceded, however, that defendant was acquitted of the charges stemming from that fire. The defendant was also cross-examined, over objection, regarding other fires although he was never charged in connection with them. It was prejudicial error to allow the questioning of defendant respecting these other fires as, in my judgment, the intent of the questions was merely to establish defendant's propensity to commit the crime charged (People v Chaffee, 42 AD2d 172). The prejudicial atmosphere was increased by the improper admission into evidence of defendant's confession which contained incriminating statements concerning the hotel fire when, in fact, he had been acquitted of the charges relating to that fire (People v Santiago, 15 NY2d 640). The judgment should be reversed and a new trial ordered.