■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
THOMAS VAN HOUSEN, SR., Appellant.—Levine, J. Appeal from
a judgment of the Supreme Court (Crew, III, J.), rendered July
8, 1987 in Tioga County, upon a verdict convicting defendant
of the crime of grand larceny in the third degree.

Defendant was convicted after trial of grand larceny in the
third degree, based upon an incident in which defendant
allegedly stole a cow from the property of Harold Sark in the
Town of Barton, Tioga County. The cow was thereafter shot,
loaded onto defendant's pickup truck and taken to the home
of a codefendant, where it was butchered.

At trial, Supreme Court admitted the unsworn testimony of
a seven-year-old boy, Ryan Short, who was with defendant
when the cow was abducted and killed. Short also testified
that he observed the carcass being loaded onto defendant's
truck and that he rode with defendant to the residence of
Howard Blake.

There was also testimony by Short's mother, Aileen Vanderpool, and Rose Titus, who were both living at the Blake residence at the time of the alleged incident. Titus testified that on the night in question, she heard defendant in the kitchen of the Blake residence joking and bragging about having stolen a cow. Titus further testified that the following day she saw defendant bringing meat into the kitchen where it was cut, ground, packaged and placed in a freezer. Vanderpool testified that prior to leaving the house that night with her son, defendant stated that he wanted to borrow a gun to get a cow. Vanderpool also testified that, upon his return to the Blake residence, defendant took knives from the kitchen and brought them to a shed behind the house. The next day, Vanderpool observed blood in the back of defendant's truck and helped defendant dispose of unused parts of the carcass.

Defendant's sole contention on appeal is that there was insufficient corroboration of Short's unsworn testimony to sustain the conviction. In our view, this contention is without merit. The evidence provided by Vanderpool and Titus, although circumstantial, was adequate corroboration to establish the trustworthiness of the child's testimony and to connect defendant with the crime (see, People v St. John, 74 AD2d 85, 88, appeal dismissed 53 NY2d 704; see also, People v Kulakowski, 135 AD2d 1119, 1120).

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.