■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER G. LETENDRE, Appellant. [669 NYS2d 439] —Crew III, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered April 28, 1997, upon a verdict convicting defendant of three counts of the crime of arson in the third degree.

On May 10, 1996, defendant was taken into custody and questioned concerning two fires that occurred in the early morning hours of that day in the Village of Hermon, St. Lawrence County. Defendant gave a written statement and, thereafter, was indicted and charged with three counts of arson in the third degree. Following a suppression hearing, where it was determined that defendant's statement had been given voluntarily, defendant was tried and convicted as charged. Having been sentenced to an indeterminate term of imprisonment of, *inter alia,* 7½ to 15 years, defendant now appeals.

At trial, defendant's statement was received into evidence and read to the jury in its entirety. In addition to containing a confession as to one of the fires and a statement that he may have started another of the fires, the statement revealed that defendant was institutionalized when he was five years old and released when he was 12 years old; shortly thereafter, defendant shot his father and was returned to the State hospital. Defendant's statement further revealed that he stabbed seven police officers in New Hampshire, stabbed his last boss and hit another boss with a shovel. The statement then concluded, "When I get mad everything goes blank. I do things and don't remember. I go off the handle. To tell you the truth I'm scared of myself, you never know what [I'm] going to do."

Clearly, defendant's statement should have been redacted prior to its admission into evidence (*cf., People v Davis,* 46 NY2d 750, *revg on dissenting mem below* 60 AD2d 679; *People v Chaffee,* 42 AD2d 172). The bad acts and uncharged crimes referenced therein had no material bearing on the charges

against defendant and could only have served to severely prejudice his case. To compound this error, when County Court finally gave *sua sponte* curative instructions at the conclusion of the People's case, the instructions were to the effect that the jury was to disregard that portion of defendant's statement having to do with what "he's alleged to have done in the State of New Hampshire. You may not consider that at all for determining whether or not he committed these offenses that are on trial here." Unfortunately, such an instruction could have implied to the members of the jury that they could consider the other matters in the statement concerning the shooting of defendant's father and the stabbing and bludgeoning of his former bosses in determining whether he was guilty of the crimes for which he was on trial. To further compound the error, the record reflects that the statement was sent to the jury unredacted for consideration during deliberations. In view of the degree of prejudice attendant upon this error, a new trial is warranted in the interest of justice notwithstanding defense counsel's failure to timely object to the admission of the statement into evidence or to request its redaction (*see,* CPL 470.15 [6] [a]). In light of this conclusion, we need not address the remaining issues raised by defendant on appeal.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of St. Lawrence County for a new trial.