■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SNYDER, Appellant. [733 NYS2d 806] —Peters, J. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered November 24, 1999, upon a verdict convicting defendant of the crime of sexual abuse in the first degree (two counts) and endangering the welfare of a child (two counts).

On November 25, 1998, upon questioning by the State Police, defendant confessed to having sexually abused a three-year-old. Subsequent to his indictment, County Court denied the suppression of his written statement. At the conclusion of a jury trial, he was found guilty of two counts each of sexual abuse in the first degree and endangering the welfare of a child. Defendant appeals, challenging the failure to redact portions of his written statement and its legal sufficiency to sustain the verdict rendered.

We reject defendant's contention that his descriptions of two past incidents, one in which he was sexually abused and another when he thought about touching a minor in a sexual manner, should have been redacted from his written statement. Although admission of a complete statement rather than selected portions is favored (*see, People v Gallo*, 12 NY2d 12), a written confession will be redacted if it contains evidence of uncharged crimes or prior bad acts which the prosecution seeks to admit "to establish that the defendant has a propensity to commit crimes so as to raise a presumption that he would be more apt to have committed the crime charged" (*People v Chaffee*, 42 AD2d 172, 174; *see, People v Letendre*, 247 AD2d 796). Statements concerning defendant's "general loss of control * * * are not encompassed within the[se] auspices" (*People v Letendre*, 264 AD2d 943, 945, *affd* 94 NY2d 939). Since neither of the revelations challenged here constitutes prior bad acts or uncharged crimes, we can discern no error.

Next addressing whether the confession was properly corroborated and, therefore, legally sufficient to support the verdict rendered, we must view the evidence in a light most favorable to the People and determine whether a rational trier of fact could "conclude that the elements of the crime had been proven beyond a reasonable doubt" (*People v Cabey*, 85 NY2d 417, 420). While defendant's detailed statement furnishes clear evidence of his commission of the criminal acts, the issue distills to whether County Court abused its discretion in finding that the child victim was competent to give unsworn testimony (*see*, CPL 60.20 [2]) to corroborate defendant's statement. With the record reflecting that the court extensively questioned the child victim and that she demonstrated an ability to discern the truth from a lie, thereby satisfying the court that she "possess[ed] sufficient intelligence or capacity to justify the reception" of her testimony (CPL 60.20 [1]), we cannot conclude that the determination of competence was clearly erroneous (*see, People v Nisoff*, 36 NY2d 560, 565-566; *People v Lowe*, 289 AD2d 705 [decided herewith]).

Acknowledging that a defendant may not be convicted of an offense solely upon the unsworn evidence of a child, the victim's testimony, once properly admitted, can constitute sufficient corroboration of a signed confession (*cf., People v Guillery*, 260 AD2d 661, *lv denied* 93 NY2d 971). Inasmuch as the victim's testimony was properly received, we find that defendant's signed confession was sufficiently corroborated and that legally sufficient evidence supported the verdict rendered. For this reason, we need not address whether other testimony could be

found to have served the same purpose, to wit, "to avert ' "the danger that a crime may have been confessed when no crime *in any degree* has been committed by anyone" ' " (*People v Chico*, 90 NY2d 585, 590 [emphasis in original], quoting *People v Cuozzo*, 292 NY 85, 92, quoting *People v Lytton*, 257 NY 310, 314).

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.