■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. LOWE, Appellant. [733 NYS2d 555] —Mercure, J. P. Appeal from a judgment of the County Court of Otsego County (Coccoma, J.), rendered December 4, 2000, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and endangering the welfare of a child.

A four-count indictment charged defendant with rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child, all arising out of defendant's sexual contact with a three-year-old girl on

January 8, 2000. The victim, who was four years old at the time of trial, was permitted to give unsworn testimony pursuant to CPL 60.20 (2). The sodomy count was dismissed on consent at the close of the People's case, and the jury found defendant not guilty of the rape count but found him guilty of sexual abuse in the first degree and endangering the welfare of a child. Defendant was sentenced to concurrent terms aggregating seven years and a period of three years of postrelease supervision and was certified as a sex offender. He now appeals, primarily contending that County Court erred in its determination that the victim possessed "sufficient intelligence and capacity to justify the reception" of her unsworn testimony (CPL 60.20 [2]) and that the People failed to present evidence sufficient to corroborate the victim's testimony concerning defendant's act of having her touch his penis with her hand, which formed the basis for the conviction of sexual abuse in the first degree. In our view, defendant's contentions are meritless and we accordingly affirm.

Pursuant to CPL 60.20 (2), if a court is not satisfied that a child less than 12 years old understands the nature of an oath, the child "may nevertheless be permitted to give unsworn evidence if the court is satisfied that [she] possesses sufficient intelligence and capacity to justify the reception thereof." Notably, a determination whether to permit a child to give unsworn testimony: "rests primarily with the trial judge, who sees the proposed witness, notices [her] manner, [her] apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose [her] capacity and intelligence * * * As many of these matters cannot be photographed into the record the decision of the trial judge will not be disturbed on review unless from that which is preserved it is clear that it was erroneous" (*People v Nisoff*, 36 NY2d 560, 566 [internal quotation marks omitted], quoting *Wheeler v United States*, 159 US 523, 524-525; (*see, People v Parks*, 41 NY2d 36, 46.)

Here, County Court conducted an extensive voir dire of the victim and also gave the People and defense counsel an opportunity to question her. In his detailed findings, the County Judge noted that when he first addressed the victim, she immediately turned her attention to him, physically moved herself around in her chair and faced him, which he concluded indicated a degree of intelligence. In addition, he noted that the victim was not distracted by spectators in the courtroom but focused on the questions put to her and maintained her attention on the various objective details that she was questioned

about, including the courthouse ceiling, fan, lights and rug. She knew her age and demonstrated it by holding up four fingers. She was able to relate her home activities and some concept of a higher being and the teachings at her church school. Finally, she was able to demonstrate her knowledge of the difference between truth and falsehood, the importance of telling the truth and the consequences of failing to do so. There is adequate record support for County Court's conclusions and we perceive no valid basis for disturbing its determination to receive the victim's unsworn testimony (*see, People v Scott*, 86 NY2d 864, 865; *People v Nisoff, supra,* at 566-567; *People v Snyder*, 289 AD2d 695 [decided herewith]).

We also conclude that the victim's testimony that defendant made her put his "business" in her hand and play with it was sufficiently corroborated "by evidence tending to establish the crime and connecting defendant with its commission" (*People v Groff*, 71 NY2d 101, 104; *see,* CPL 60.20 [3]). First, there was independent evidence tending to show that the victim had been subjected to sexual abuse. At a January 20, 2000 examination, the victim's pediatrician noted that the victim's genital area was red, with a bluish-purplish hue, that the fourchette was stretched out and had lost its membranous quality and that the hymen had two healed, but not old, scars and was open and gaping. According to the pediatrician, her physical findings were consistent with repeated injuries over the course of a year or more, most likely caused by sexual abuse, and that the coloration of the victim's genitals indicated that she had been sexually abused within 21 to 28 days prior to her examination. In addition, within a few days following the incident with defendant, the victim inappropriately touched her mother's "private area."

Second, there was an abundance of evidence tending to connect defendant to the crime. Most noteworthy is the fact that the victim was alone with defendant in his home at the time the sexual abuse is alleged to have taken place (*see, People v Groff, supra,* at 110-111; *People v Cordero*, 257 AD2d 372, 377-378, *lv denied* 93 NY2d 968). In addition, at the time of a telephone conversation between the victim and her mother at approximately 6:00 P.M. on January 8, 2000, the victim was very upset and was crying. Almost immediately thereafter, defendant decided to cut short his weekend visitation and return the victim and all of her belongings to her mother. Then, with no plausible explanation and despite the fact that he had consistently exercised visitation from Friday morning to Sunday evening each week, defendant announced that he wanted no

further visitation. Within days, he moved to Georgia and took a new job, ostensibly for the purpose of getting a "fresh start" somewhere else.

In our view, far too thin a line is drawn by defendant's complaint that, while evidence of physical trauma to the victim's genital area was corroborative of the claim that defendant engaged the victim in sexual intercourse, which the jury for some reason chose to reject, that evidence did not tend to corroborate the allegations of manual contact that formed the basis for count three of the indictment. The corroboration requirement of CPL 60.20 (3), like that of Penal Law § 130.16, does not require that unsworn testimony "be strictly corroborated by evidence extending to every material element of the charged crime" (*People v Groff, supra*, at 108). We agree with County Court's implicit conclusion that medical evidence of one type of sexual abuse is sufficiently corroborative of unsworn testimony concerning another type of sexual abuse committed as part of the same overall criminal transaction.

Defendant's remaining contentions are either unpreserved for our review or have been considered and found to be lacking in merit.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.