(June 20, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL E. MILLER, Appellant. [746 NYS2d 50] —Lahtinen, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 2, 1997, upon a verdict convicting defendant of the crime of sexual abuse in the first degree, and (2) by permission, from an order of said court, entered September 13, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

Defendant was indicted by a grand jury for the crime of sexual abuse in the first degree stemming from his alleged fondling of the then four-year-old victim during the summer of 1996 in the Town of Potsdam, St. Lawrence County. After pretrial motions, discovery and a *Huntley* hearing, defendant was convicted by a jury and thereafter sentenced as a second vio-

lent felony offender to a determinate prison term of seven years. Defendant filed a timely notice of appeal from his judgment of conviction.

Almost three years after sentencing, defendant moved, pro se, to vacate his judgment of conviction pursuant to CPL 440.10 on the ground that he was denied effective assistance of counsel. County Court summarily denied the motion in part, directed an evidentiary hearing on certain issues, and, at the conclusion of the hearing, denied the motion in its entirety. Defendant now appeals from his judgment of conviction and, by permission of this Court (*see*, CPL 450.15 [1]), from the denial of his CPL 440.10 motion.

Defendant first challenges the integrity* of his grand jury proceedings because the videotaped testimony of the unsworn child victim presented therein failed to include a statement on the videotape that the child's testimony was not under oath. It is conceded that the child's videotaped grand jury testimony met all the requirements of CPL 190.32 (5), except subdivision (e), which states, in pertinent part, that "[i]f the witness will give unsworn testimony, a statement that the testimony is not under oath must be recorded." While such a statement was not recorded on the videotape, the prosecutor who presented the case informed the grand jurors on the record that the child was an unsworn witness and instructed them regarding the necessity for corroboration of the child's testimony. Considering the prosecutor's clear and unequivocal statement on the record that the child gave unsworn testimony, we do not find that the People's failure to place such a statement on the videotape "necessarily impair[s] the integrity of the Grand Jury proceedings or lead[s] to the possibility of prejudice" (*People v Spencer*, 289 AD2d 877, 878, quoting *People v Huston*, 88 NY2d 400, 409). Consequently, defendant's challenge to the integrity of the grand jury proceedings is rejected.

Defendant next contends that County Court erred in determining that the victim, who was five years old at the time she testified at trial, was a competent witness (*see*, CPL 60.20 [2]). County Court's determination to permit the victim's unsworn testimony, made after extensive questioning of the victim outside the presence of the jury, is fully supported by the record (*see*, *People v Scott*, 86 NY2d 864, 865; *People v Lowe*, 289 AD2d 705, 706; *People v Snyder*, 289 AD2d 695, 696, *lv denied* 97 NY2d 734; *People v Shepard*, 259 AD2d 775, 777,

---

* We note that defendant's challenge to the integrity of the grand jury proceedings survives his conviction (*see*, *People v Wilkins*, 68 NY2d 269, 277 n 7).

*lv denied* 93 NY2d 979; *People v Rivers*, 149 AD2d 544, 545). "The resolution of the issue of witness competency is exclusively the responsibility of the trial court, subject to limited appellate review" (*People v Parks*, 41 NY2d 36, 46), and we find no basis to disturb County Court's determination.

Nor did County Court err or abuse its discretion by refusing to allow defendant the opportunity to present proof that the victim was observed touching herself in her vaginal area prior to the date of the commission of defendant's crime. We agree with County Court's ruling that this proof proffered by the defense lacked relevance (*see*, CPL 60.42 [5]) and pertained to a collateral issue, the credibility of the victim's parents who both testified. Moreover, we reject defendant's conclusory assertion that this proof would "cast[ ] substantial doubt on the validity of the charges made by the victim in this instance" (*People v Mandel*, 48 NY2d 952, 953).

Defendant's claim that County Court erred in its instruction to the jury regarding the corroboration requirement for the victim's unsworn testimony is also without merit. Prior to the victim's unsworn trial testimony and again in its final charge, County Court read to the jury the language in the Criminal Jury Instructions (*see*, 1 CJI[NY] 7.51, at 335-336), which we find adequately instructed the jury on the issue of corroboration (*see*, CPL 60.20 [3]; *People v Shreve*, 167 AD2d 698, 699).

Turning to defendant's CPL 440.10 motion wherein he claims that he received ineffective assistance of counsel, our review of "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal[s] that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147). Defendant's attack on defense counsel's performance amounts to no more than "second-guess[ing] with the clarity of hindsight to determine how the defense might have been more effective" (*People v Benevento*, 91 NY2d 708, 712), and we note that "[i]t is not for this court to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (*People v Satterfield*, 66 NY2d 796, 799-800). Defense counsel made relevant pretrial motions, delivered appropriate opening and closing statements, presented a logical and viable defense, cross-examined the People's witnesses and made other appropriate challenges to the People's proof, submitted requests to charge (*see*, *People v Miller*, 226 AD2d 833, 837, *lv denied* 88 NY2d 939) and mounted such a vigorous defense that, ironically, part of defendant's challenge to defense

counsel's performance is that defense counsel antagonized the People. Defendant's claim that his right to testify was usurped by defense counsel's determination that he should not do so is belied by his statement on the record that he chose not to testify. The remainder of defendant's ineffective assistance of counsel claims have been examined and found lacking in merit.

Defendant's remaining contentions have been reviewed and rejected. We particularly note that the amendment of the indictment to recite the correct town within St. Lawrence County where defendant's home was located and where the crime alleged in the indictment took place was not improper nor prejudicial, as defendant gave police a statement that these acts occurred at his home (*see, People v Clapper*, 123 AD2d 484, 485, *lv denied* 69 NY2d 825).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment and order are affirmed.