■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANK W. ZUKE, Appellant. [758 NYS2d 192] —Crew III, J. Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 9, 2000, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child, and (2) by permission, from an order of said court, entered May 30, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted and charged with sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child in connection with a February 1999 encounter with his then six-year-old female cousin. Defendant unsuccessfully moved to suppress oral and written statements made by him to the State Police and, following a jury trial, he was convicted as charged and sentenced to, among other things, a

determinate term of imprisonment of 20 years. Defendant's subsequent motion to vacate his judgment of conviction on the ground of ineffective assistance of counsel was denied, and these appeals ensued.

Defendant's various contentions do not warrant extended discussion. Initially, defendant argues that County Court erred in failing to suppress the statements he made to the State Police. We disagree. The only individual who testified at the *Huntley* hearing was the State Police investigator who took defendant's statements. Nothing in his testimony suggests that such statements were obtained by way of coercion, promise or threat or that they were taken absent the necessary *Miranda* warnings.

Next, defendant contends that the verdict was not supported by legally sufficient evidence because the infant victim was improperly permitted to give unsworn testimony and, further, that there was insufficient corroboration of such testimony. Again, we disagree. It is axiomatic that a witness less than 12 years old* who does not understand the nature of an oath nevertheless may be permitted to give unsworn testimony if the trial court is satisfied that the infant possesses sufficient intelligence to justify its reception (*see* CPL 60.20 [2]). Notably, the decision to permit unsworn testimony is committed to the sound discretion of the trial judge, " 'who sees the proposed witness, notices [her] manner, [her] apparent possession or lack of intelligence, and may resort to any examination which will tend to disclose [her] capacity and intelligence' " (*People v Lowe*, 289 AD2d 705, 706 [2001], quoting *People v Nisoff*, 36 NY2d 560, 566 [1975]). Here, County Court engaged in an extensive voir dire of the then seven-year-old victim which, the record reflects, demonstrated that she was sufficiently intelligent to give unsworn testimony.

As to defendant's claim that the victim's unsworn testimony was insufficiently corroborated, we need note only that such testimony was consonant with the events as depicted in defendant's statements to the police which, standing alone, is sufficient to corroborate the victim's testimony (*see People v Bitting*, 224 AD2d 1012, 1013 [1996], *lv denied* 88 NY2d 845 [1996]). Moreover, the testimony of the victim's mother placed defendant at the scene of the sexual abuse at the time and place where the victim claims the abuse occurred, and her testimony also revealed an immediate change in the victim's

* CPL 60.20 (2) was amended in 2000, effective February 1, 2001, to change the age of a prospective witness from 12 years to nine years (*see* L 2000, ch 1).

behavior and subsequent reticence in being in defendant's presence (*see People v Cordero*, 257 AD2d 372, 376 [1999], *lv denied* 93 NY2d 968 [1999]). We have considered defendant's remaining contentions, including the alleged ineffective assistance of counsel claim, and find them to be equally without merit.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed.