■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. PETRIE, Appellant. [771 NYS2d 242]—

Kane, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered September 29, 1997, upon a verdict convicting defendant of the crimes of sodomy in the first degree and sexual abuse in the first degree.

A jury convicted defendant of sodomy in the first degree and sexual abuse in the first degree for his inappropriate sexual contact with a six-year-old girl on two occasions. County Court imposed concurrent prison terms of 4½ to 9 years for the sodomy conviction and 1½ to 3 years for the sexual abuse conviction. Defendant appeals.

County Court properly refused to suppress defendant's statements to the police. Examining the totality of the circumstances, "viewed from the perspective of a reasonable, innocent person" (*People v Kreydatus,* 305 AD2d 935, 936 [2003], *lv denied* 100 NY2d 595 [2003]; *see People v Bolarinwa,* 258 AD2d 827, 828 [1999], *lv denied* 93 NY2d 1014 [1999]), defendant was not in custody when he made the statements at issue. He was questioned for about an hour by a plain-clothes police officer with no visible weapon, sitting at defendant's kitchen table, he was not informed of any accusatory statements, and defendant was able to get a beverage and drink it during the conversation (*see People v Warren,* 300 AD2d 692, 694 [2002], *lv denied* 99 NY2d 621 [2003]). Even if defendant were in custody, he knowingly and voluntarily waived his *Miranda* rights (*see People v Bolarinwa, supra* at 829). The officer read a form containing those rights and had defendant read the form. Defendant stated that he understood his rights, he would not sign the form, but he would talk to the officer. Although defendant appeared nervous and consumed a beer toward the end of the conversation, the officer testified that defendant did not exhibit any signs of intoxication and there was no proof that defendant's prescription medication affected his ability to understand his rights and knowingly waive them (*see People v Sargent,* 194 AD2d 865, 866-867 [1993]). Hence, defendant's statements—that he knew the victim had been sexually abused by others in the past and he was not taking the whole rap for this because he only "made one mistake with her," plus his admission that he apologized to the victim—were not subject to suppression and were properly admitted at trial.

The record does not include any inadmissible hearsay. The victim's father testified that he had a conversation with the victim which led him to call the police, but he did not specify the substance of that conversation. While the police officer disclosed the substance of his interview with the victim, that testimony was elicited by defense counsel in an apparent effort to raise inconsistencies between the victim's interview statements and trial testimony. Defendant cannot now complain of testimony which he elicited.

Defendant received the effective assistance of counsel. His claim, based on counsel's failure to object to hearsay testimony, is meritless, as there was no sustainable objection to be raised. Counsel's alleged conflict of interest based on his former representation of a key prosecution witness is not properly before us, as it is based on evidence outside the record (*see People v Hanna,* 303 AD2d 838, 839 [2003]). That issue could properly be raised

in a CPL article 440 motion which, if denied, would provide this Court record evidence to review. Defendant's remaining claims against counsel are merely disagreement with unsuccessful trial tactics, which does not equal a deprivation of meaningful representation (*see People v Smith,* 302 AD2d 677, 680 [2003], *lv denied* 100 NY2d 543 [2003]).

The victim's unsworn testimony regarding the sexual abuse charge was sufficiently corroborated. A defendant cannot be convicted solely on the basis of unsworn testimony from a seven-year-old witness (*see* CPL 60.20 [2], [3]). The unsworn testimony may be sufficiently corroborated "by evidence tending to establish the crime and connecting defendant with its commission" (*People v Groff,* 71 NY2d 101, 104 [1987]). Strict corroboration of every material element of the charged crime is not required, as the purpose of corroboration is to ensure the trustworthiness of the unsworn testimony rather than prove the charge itself (*see id.* at 108; *People v Lowe,* 289 AD2d 705, 708 [2001]; *People v Brewer,* 94 AD2d 812, 812 [1983]). Circumstantial evidence can constitute adequate corroboration (*see People v Van Housen,* 148 AD2d 769, 770 [1989]).

The victim here testified to one incident when defendant touched her private parts, which she identified in court by pointing to her genital area, during a time that the family was watching a Yankees baseball game. She testified that her grandmother and aunt went to get drinks, her mother was taking a nap in an adjoining room, and her brother went to the bathroom, leaving her alone with defendant. Her mother testified that all of the individuals named by the victim were watching the baseball game that afternoon, and that beverages would be stored in a room on another level of the house. The grandmother testified that she did not remember leaving the victim alone with defendant, but she may have left to go to the bathroom, and the aunt was intermittently watching the game and cleaning another room in the house. This evidence established that defendant could have been alone with the victim at the time and place that the abuse was alleged to have taken place (*see People v Zuke,* 304 AD2d 910, 911 [2003], *lv denied* 100 NY2d 601 [2003]; *People v Lowe, supra* at 707; *People v McGuire,* 152 AD2d 945 [1989], *lv denied* 74 NY2d 849 [1989]). The grandmother testified that the day after the baseball game, the victim approached her outside, saying she wanted to tell something but did not want the grandmother to get angry or punish her. The victim then told the grandmother that defendant had touched her private parts. The grandmother confronted defendant and directed him to tell the victim that it was not her fault, that de-

fendant was bad and the victim was not, that nothing of this nature would happen again, and that he was sorry. According to the grandmother's testimony and defendant's statement to police (*see People v Zuke, supra* at 911), defendant did make such an apology to the victim. This evidence, together with defendant's statement that he was not going to take the whole rap because he only made one mistake with the victim (*see id.* at 911; *People v Guerra,* 178 AD2d 434 [1991]; *People v Rafiqzada,* 143 AD2d 688 [1988], *lv denied* 73 NY2d 859 [1988]), sufficiently corroborated the victim's unsworn testimony regarding the sexual abuse charge.

Defendant's argument that the evidence on the sexual abuse charge was not legally sufficient must likewise fail. Contrary to defendant's argument, the victim's testimony regarding her age was corroborated; it was readily apparent from her appearance at trial that she was less than 11 years old (*see* CPLR 4516; CPL 60.10 [making civil evidence rules applicable to criminal matters]; *People v Blodgett,* 160 AD2d 1105, 1106 n [1990], *lv denied* 76 NY2d 731 [1990]). The evidence previously discussed as sufficient to corroborate the victim's unsworn testimony, taken together with her testimony, established the remaining elements of the crime of sexual abuse. Viewed in a light most favorable to the People, there is a valid line of reasoning which could lead a rational person to the same conclusion the jury reached, satisfying the burden and proof requirements of every element of the crime charged (*see People v Cabey,* 85 NY2d 417, 420 [1995]; *People v Bleakley,* 69 NY2d 490, 495 [1987]; *People v Newell,* 290 AD2d 652, 653 [2002], *lv denied* 98 NY2d 712 [2002]).

Regarding the charge of sodomy in the first degree, the victim testified about an incident when she was in the yard and defendant grabbed her, got on his knees, pulled her bathing suit aside and licked her private parts. No record evidence corroborates the victim's unsworn testimony regarding this act of sodomy. Defendant's statement admitted only one "mistake" with the victim, and cannot be interpreted to constitute corroboration of more than one incident (*see People v Guerra,* 178 AD2d 434 [1991]). Likewise, the grandmother's testimony corroborated only one act of "touching." Without sufficient corroboration, the evidence was legally insufficient to prove sodomy in the first degree, requiring dismissal of that charge.

Defendant's remaining arguments have been reviewed and found to be without merit.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law, by reversing

defendant's conviction of the crime of sodomy in the first degree; said count dismissed; and, as so modified, affirmed.