■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK R. BYRON, Appellant. [925 NYS2d 244]—

Stein, J. Appeal from a judgment of the County Court of Cortland County (Sherman, J.), rendered May 4, 2010, convicting defendant following a nonjury trial of the crimes of sexual abuse in the first degree and endangering the welfare of a child.

In February 2009, the then four-year-old victim reported to her mother that defendant had "tickled [her] privates" while the victim was staying at her grandparents' residence. Defendant was interviewed by police officers and admitted in a written statement to touching the victim's vaginal area both inside and outside of her clothing. He was then charged with sexual abuse in the first degree and endangering the welfare of a child. Defendant subsequently moved to suppress his written statement on the basis that it was not voluntary. Following a *Huntley* hearing, County Court denied defendant's motion. Defendant was found guilty of both charges after a nonjury trial and was sentenced to an aggregate prison sentence of three years, followed by five years of postrelease supervision. Defendant now appeals and we affirm.

Defendant's contention that County Court erred in denying his motion to suppress his written statement is without merit.

Three witnesses testified at the *Huntley* hearing—defendant and police officers David Guerrera and Richard Troyer. The testimony of the officers established that defendant consented to being transported to the police station to be interviewed, that Guerrera advised defendant of his *Miranda* rights prior to interviewing him and that defendant signed a form indicating that he understood those rights. Guerrera further testified that defendant stated that he wanted to speak to the police and that he did not want an attorney. According to the officers, the interview lasted approximately two hours, during which time defendant was free to leave and made no request to do so. After the interview, a statement was typed which defendant read and modified. Defendant ultimately read the final version of the statement incorporating his changes, initialed the statement in several places and signed it. Defendant also wrote on the statement that he had read it and that it was true.

Defendant's version of the events differed in several significant respects. In particular, defendant testified that he did not sign the *Miranda* certification form until after he signed his written statement, and he asked to leave three times during the interview, but was told that he could not do so until he gave a statement. He further testified that he signed the statement because he wanted to go home, and he did not read it carefully or make any corrections to it. County Court clearly discredited this testimony. Based on the totality of the circumstances and deferring to the court's credibility assessments, we find ample support in the record for the court's determination that defendant's statement was voluntary, and we find no reason to disturb it (*see People v Button*, 56 AD3d 1043, 1044 [2008], *lv dismissed* 12 NY3d 781 [2009]; *People v Lind*, 20 AD3d 765, 766 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Meissler*, 305 AD2d 724, 725 [2003], *lv denied* 100 NY2d 644 [2003]).

Nor do we find merit to defendant's challenges to the sufficiency and weight of the evidence. The victim's mother testified that, the day after the sexual abuse occurred, the victim disclosed to her in detail what had transpired the previous night. The victim again recounted what had occurred to the police. The victim's trial testimony, although unsworn, was largely consistent with what she told her mother and the police and with defendant's statement to the police, and was further corroborated by her behavior following the incident. Moreover, her response to County Court's inquiry of her, prior to testifying, demonstrated that she was sufficiently intelligent to give unsworn testimony. Under these circumstances, County Court's decision to permit such testimony was a proper exercise of its

discretion and the testimony was sufficiently corroborated to support defendant's convictions (*see* CPL 60.20 [2]; *People v Zuke*, 304 AD2d 910, 911-912 [2003], *lv denied* 100 NY2d 601 [2003]). Likewise, defendant's confession was adequately corroborated by the victim's testimony, her consistent out-of-court statements and the testimony concerning her behavior following the incident (*see* CPL 60.50; *People v Coleman*, 42 NY2d 500, 506 [1977]; *People v Bitting*, 224 AD2d 1012, 1013 [1996], *lv denied* 88 NY2d 845 [1996]; *People v Zerbst*, 147 AD2d 844, 846 [1989], *affd* 74 NY2d 888 [1989]; *People v Philipp*, 106 AD2d 681, 682 [1984]).

Additionally, it is undisputed that the victim was under the age of 11 at the time the abuse occurred and defendant confessed to having touched her vaginal area both outside and inside her clothing. The victim also testified that defendant touched her inside her vagina and that it hurt her. This evidence was sufficient to establish sexual contact (*see People v Shook*, 294 AD2d 710, 711-712 [2002], *lv denied* 98 NY2d 702 [2002]), and defendant's sexual gratification can be inferred from evidence that he, a nonrelative, placed his finger in the victim's vagina (*see People v King*, 79 AD3d 1277, 1279 [2010]; *People v Fuller*, 50 AD3d 1171, 1174-1175 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Watson*, 281 AD2d 691, 697-698 [2001], *lv denied* 96 NY2d 925 [2001]). Viewing the evidence in the light most favorable to the People (*see People v Cabey*, 85 NY2d 417, 420 [1995]; *People v Roberts*, 63 AD3d 1294, 1296 [2009]) and giving them the benefit of every favorable inference (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Scanlon*, 52 AD3d 1035, 1038 [2008], *lv denied* 11 NY3d 741 [2008]), the evidence is legally sufficient to support the convictions (*see* Penal Law § 130.00 [3]; § 130.65 [3]; § 260.10 [1]; *People v Bleakley*, 69 NY2d at 495; *People v Maricevic*, 52 AD3d 1043, 1044 [2008], *lv denied* 11 NY3d 790 [2008]; *People v Owens*, 45 AD3d 1058, 1059 [2007]).

Furthermore, notwithstanding defendant's trial testimony that his contact with the victim's vagina consisted of nothing more than harmless tickling, there was strong evidence establishing that sexual contact occurred, and any minor inconsistencies between the victim's in-court testimony and her out-of-court statements or other evidence in the record did not render her testimony incredible as a matter of law (*see People v Shook*, 294 AD2d at 712). Even if a different outcome would not have been unreasonable, when we view the evidence in a neutral light and accord deference to the jury's credibility determinations (*see People v Bleakley*, 69 NY2d at 495; *People v Owens*, 45

AD3d at 1059; *People v Davis*, 260 AD2d 726, 729 [1999], *lv denied* 93 NY2d 968 [1999]), we do not find the convictions to be against the weight of the evidence.

Defendant's remaining contentions, including that his sentence was harsh and excessive, have been reviewed and are rejected.

Mercure, J.P., Spain, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.