(October 20, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER M. KIDWELL, Appellant. [931 NYS2d 148]—

Peters, J.P.

In November 2006, the then six-year-old victim reported to her mother that defendant had touched her "private parts" while she was staying at the home of the mother's friend. The mother contacted the police and, following an investigation, defendant was arrested and charged with sexual abuse in the first degree and endangering the welfare of a child. Following a jury trial, defendant was convicted of both charges and sentenced as a second felony offender to an aggregate term of seven years in prison, to be followed by five years of postrelease supervision. He now appeals.

Defendant asserts that County Court erred in failing to dismiss the indictment on the ground that the grand jury heard allegedly prejudicial testimony concerning a prior uncharged crime. During the victim's videotaped testimony before the grand jury, she stated that she slept over at the home of her mother's friend after having Thanksgiving dinner there, and that her brother and defendant had also stayed there that night. When questioned as to whether her sister also slept over, the victim responded, "She didn't. It happened to [her] when she was up there, too." The victim's testimony in this regard neither indicated what had happened to her sister, nor who else had been involved in the incident. While defendant argues that the jury could infer from this statement that the victim's sister was subjected to a sexual assault by defendant, we find that any error in the presentation of this testimony did not impair the integrity of the grand jury proceeding such that dismissal of the indictment was warranted (*see* CPL 210.35 [5]).

"Dismissal is a drastic, exceptional remedy and 'should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Moffitt*, 20 AD3d 687, 688 [2005], *lv denied* 5 NY3d 854 [2005], quoting *People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Tatro*, 53 AD3d 781, 783 [2008], *lv denied* 11 NY3d 835 [2008]). "[N]ot every improper comment, elicitation of inadmissible testimony, impermissible question or mere mistake renders an indictment defective. Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*People v Huston*, 88 NY2d at 409; *accord People v Butcher*, 11 AD3d 956, 958 [2004], *lv denied* 3 NY3d 755 [2004]; *see People v Mujahid*, 45 AD3d

1184, 1185 [2007], *lv denied* 10 NY3d 814 [2008]). Given the ambiguity of the victim's statement and considering that the evidence before the grand jury was sufficient to support the charges of the indictment, dismissal was not required even if the statement at issue could be deemed evidence of a prior uncharged crime (*see People v Mujahid*, 45 AD3d at 1186; *People v Crandall*, 306 AD2d 748, 749 [2003], *lv denied* 100 NY2d 619 [2003]; *see also People v Mitchell*, 55 AD3d 1048, 1050 [2008], *lv denied* 12 NY3d 856 [2009]; *cf. People v Vargas*, 72 AD3d 1114, 1119 [2010], *lv denied* 15 NY3d 758 [2010]).

Defendant next contends that the verdict was against the weight of the evidence because the unsworn testimony of the infant victim was not sufficiently corroborated. We disagree. A child's unsworn testimony may be sufficiently corroborated "by evidence tending to establish the crime and connecting [the] defendant with its commission" (*People v Groff*, 71 NY2d 101, 104 [1987]; *see People v Petrie*, 3 AD3d 665, 667 [2004]). Here, the victim testified that defendant touched her vaginal and anal areas over her underwear while she was sleeping on the floor. Such testimony was consistent with her prompt complaint to her mother. Defendant's own testimony, as well as that of the mother's friend, placed him in the living room with the victim at the precise time the victim claimed the abuse occurred, and the mother's friend explained that she awoke to find defendant lying on the living room floor next to the victim with his arm around her. Moreover, testimony was presented that the victim's behavior noticeably changed immediately after the incident, and several witnesses testified to having observed bruising on the victim's thighs within a day or two following the alleged abuse. This evidence sufficiently corroborated the victim's unsworn testimony regarding the sexual abuse (*see People v Byron*, 85 AD3d 1323, 1324-1325 [2011]; *People v Petrie*, 3 AD3d at 668; *People v Zuke*, 304 AD2d 910, 911 [2003], *lv denied* 100 NY2d 601 [2003]; *People v Lowe*, 289 AD2d 705, 708 [2001]; *People v Cordero*, 257 AD2d 372, 376 [1999], *lv denied* 93 NY2d 968 [1999]). Furthermore, although a different verdict would not have been unreasonable, upon viewing the evidence in a neutral light and according deference to the jury's credibility determinations, we find the convictions to be supported by the weight of the evidence (*see People v Byron*, 85 AD3d at 1325-1326; *People v Reynolds*, 81 AD3d 1166, 1167 [2011], *lv denied* 16 NY3d 898 [2011]).

Nor are we persuaded by defendant's assertion that his sentence is harsh and excessive. While the seven-year sentence imposed was greater than that offered to defendant during plea

negotiations, there is no evidence that he was punished for exercising his right to proceed to trial (*see People v Molina*, 73 AD3d 1292, 1293 [2010], *lv denied* 15 NY3d 807 [2010]; *People v Massey*, 45 AD3d 1044, 1048 [2007], *lv denied* 9 NY3d 1036 [2008]; *People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]; *People v Saunders*, 309 AD2d 1063, 1065 [2003]). Rather, the sentence was in response to defendant's lengthy criminal record spanning over 10 years, his history of alcohol abuse—which played a role in the instant offense—and the abhorrent nature of his sexual exploitation of this young victim. Finding neither the existence of any extraordinary circumstances nor an abuse of discretion in the imposition of the sentence (*see People v Sabin*, 73 AD3d 1390, 1391 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Chilson*, 285 AD2d 733, 735-736 [2001], *lvs denied* 97 NY2d 640 [2001], 97 NY2d 752 [2002]; *People v Miller*, 226 AD2d 833, 837 [1996], *lv denied* 88 NY2d 939 [1996]), we decline to disturb it.

Spain, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.