Egan Jr., J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered September 22, 2011, upon a verdict convicting defendant of the crime of sexual abuse in the first degree (five counts).
Defendant was charged in an eight-count indictment with various crimes stemming from his alleged sexual abuse of the victim — the six-year-old daughter of his live-in girlfriend — in or about late February 2009 and early March 2009. The victim and her brother resided with their biological father in a trailer park located in the Town of Ticonderoga, Essex County; on weekends, *1018 the children would spend nights with their mother at defendant’s trailer, which was located a short distance away. During two of these overnight visits, the victim testified, defendant molested her while they were on a couch in the living room of defendant’s trailer. At the close of the People’s case, County Court dismissed counts 3, 5 and 7 of the indictment, and the jury convicted defendant of the remaining five counts of sexual abuse in the first degree. Defendant thereafter was sentenced to an aggregate prison term of 12 years followed by 10 years of postrelease supervision, prompting this appeal.
Initially, we reject defendant’s assertion that the verdict is against the weight of the evidence. Insofar as is relevant here, a defendant is guilty of sexual abuse in the first degree when he or she subjects a person who is less than 11 years old to sexual contact (see Penal Law § 130.65 [3]). Sexual contact, in turn, is defined as “any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party” (Penal Law § 130.00 [3]; see People v Bush, 57 AD3d 1119, 1119 [2008], lv denied 12 NY3d 756 [2009]), and the case law makes clear that “[a]n inference of sexual gratification may be drawn from the conduct of a defendant who has intimate contact with a child to whom he or she is not related” (People v Cook, 112 AD3d 1065, 1066 [2013]; see People v Byron, 85 AD3d 1323, 1325 [2011], lv denied 17 NY3d 857 [2011]; People v Fuller, 50 AD3d 1171, 1175 [2008], lv denied 11 NY3d 788 [2008]).
Here, the record reflects that the victim was six years old when she was molested by defendant, and the victim testified — at length and in detail — regarding the two separate instances of abuse. Specifically, the victim recounted the manner in which defendant touched her vagina and buttocks — first while she was lying on the flowered couch in defendant’s trailer and then while she was lying on the blue couch in defendant’s trailer — and described how defendant placed her hand upon, and caused her to stroke, his penis and warned her not to tell anyone. Although a certified nurse practitioner testified that her examination of the victim disclosed “no physical evidence of sexual abuse,” this Court recently observed that the lack of such physical evidence, which is not uncommon in sexual assaults, essentially presents a credibility issue for the jury to resolve (see People v Fernandez, 106 AD3d 1281, 1282-1283 [2013]). In this regard, whatever inconsistencies existed between the young victim’s statements to law enforcement, her testimony before the grand jury and her testimony at trial were fully explored upon cross-examination and, in our view, neither “undermine[d] her testimony in any meaningful respect” *1019 (People v Bush, 57 AD3d at 1120) nor “render[ed] her testimony incredible as a matter of law” (People v Byron, 85 AD3d at 1325; see People v Galloway, 93 AD3d 1069, 1071-1072 [2012], lv denied 19 NY3d 996 [2012]; see also People v Fernandez, 106 AD3d at 1283-1284; People v Simonetta, 94 AD3d 1242, 1244 [2012], lv denied 19 NY3d 1029 [2012]). Accordingly, we are satisfied that the underlying convictions are supported by the weight of the evidence.
That said, we nonetheless are constrained to conclude that defendant is entitled to a new trial. During the direct examination of the victim’s mother, the mother was questioned regarding any discussions she and defendant may have had regarding a young female who, for purposes of this decision, we will identify as “Jane.” Over defense counsel’s objection, the victim’s mother testified that, on “[q]uite a few” occasions, defendant called her Jane while she and defendant were having sex. The prosecutor then asked the victim’s mother whether she ever had a conversation with defendant concerning his use of the name Jane in this context, in response to which the victim’s mother testified that defendant admitted that, while Jane was 13 years old and “was sleeping next to him in bed ... he took his penis out and put it inside of her underwear and came against her vagina.” Defense counsel promptly objected, arguing that such testimony was both highly prejudicial and had been elicited in violation of County Court’s prior Ventimiglia and Molineux rulings, and unsuccessfully moved for a mistrial.[1]
It is beyond dispute that evidence of a defendant’s uncharged crimes or prior bad acts cannot be admitted solely for the purpose of proving criminal propensity (see People v Cass, 18 NY3d 553, 559 [2012]; People v Arafet, 13 NY3d 460, 464-465 [2009]). Rather, “evidence of uncharged crimes or prior bad acts may be admitted where they fall within the recognized Molineux exceptions — motive, intent, absence of mistake, common plan or scheme and identity — or where such proof is inextricably interwoven with the charged crimes, provide[s] necessary background or complete^] a witness’s narrative” (People v Johnson, 106 AD3d 1272, 1274 [2013], lv denied 21 NY3d 1043 [2013] [internal quotation marks and citations omitted]; see People v Molineux, 168 NY 264, 293 [1901]; People v Bourne, 46 AD3d 1101, 1103 [2007], lv denied 10 NY3d 762 [2008]), and the trial court further determines that the probative value of such evidence outweighs its prejudicial effect (see People v Tinkler, 105 AD3d 1140, 1143 [2013], lv denied 21 NY3d 1020 [2013]; People v Hernandez, 89 AD3d 1123, 1124 [2011], lv denied 20 NY3d *1020 1099 [2013]). Here, the record does not reflect that the People sought any sort of ruling from County Court regarding the admissibility of defendant’s uncharged crime/prior bad act before eliciting such testimony from the victim’s mother on their case-in-chief (see People v Ventimiglia, 52 NY2d 350, 361-362 [1981]),[2] nor does the record reveal that the People made any attempt to “identify some issue, other than mere criminal propensity, to which the evidence [was] relevant” (People v Holmes, 260 AD2d 942, 943 [1999], lv denied 93 NY2d 1020 [1999]; compare People v Rhodes, 91 AD3d 1185, 1186 [2012], lv denied 19 NY3d 966 [2012]).
More to the point, the record before us fails to establish that the uncharged crime/prior bad act at issue, which implicated defendant engaging in sexual contact with another underage victim, falls within any of the recognized Molineux exceptions (see People v Buskey, 45 AD3d 1170, 1173-1174 [2007]; compare People v Sorrell, 108 AD3d 787, 791-792 [2013]; People v Jones, 101 AD3d 1482, 1483 [2012], lv denied 21 NY3d 1017 [2013]; People v Justice, 99 AD3d 1213, 1215 [2012], lv denied 20 NY3d 1012 [2013]; People v Brown, 39 AD3d 886, 887-888 [2007], lv denied 9 NY3d 873 [2007]; People v Higgins, 12 AD3d 775, 778 [2004], lv denied 4 NY3d 764 [2005]), and we are persuaded that whatever probative value such proof may possess “is far outweighed by its obvious prejudice to defendant” (People v Buskey, 45 AD3d at 1174). Finally, although the jury’s verdict is not against the weight of the evidence, we cannot say that the proof of defendant’s guilt was overwhelming (see People v Arafet, 13 NY3d at 467; People v Crimmins, 36 NY2d 230, 241-242 [1975]) and, therefore, we cannot deem the error in this regard to be harmless (see People v Buskey, 45 AD3d at 1174; compare People v Newkirk, 75 AD3d 853, 856 [2010], lv denied 16 NY3d 834 [2011]). Accordingly, we find that the admission of such proof operated to deprive defendant of a fair trial.
Defendant concedes that his alternative ground for dismissal — that the People improperly elicited testimony on their casein-chief relative to his refusal to provide a sworn statement to the police — was not preserved by a timely objection and, in light of our reversal on the Ventimiglia/Molineux issue, we decline to exercise our interest of justice jurisdiction to take corrective action on this point. Finally, as this matter is being remitted for a new trial, we need not address defendant’s claim that the sentence imposed was harsh and excessive.
Lahtinen, J.E, Stein and McCarthy, JJ., concur. Ordered that *1021 the judgment is reversed, on the law, and matter remitted to the County Court of Essex County for a new trial.

. County Court did, however, provide a curative instruction.

. The People’s present assertion — that such testimony “was not directly solicited by [the] prosecution” — is belied by the trial transcript.