People v Reed (2022 NY Slip Op 06657)

People v Reed

2022 NY Slip Op 06657

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

113023
[*1]The People of the State of New York, Respondent,
v
Kenneth D. Reed, Appellant.

Calendar Date:October 12, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

The Law Offices of Jeffrey Lichtman, New York City (Jason R. Goldman of counsel), for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered June 10, 2021, upon a verdict convicting defendant of the crimes of aggravated sexual abuse in the second degree, sexual abuse in the first degree and endangering the welfare of a child.
Defendant was charged by indictment with multiple crimes stemming from allegations that he inserted his finger into the vagina of a child, who was approximately 2½ years old at the time, and improperly touched her genital area. Following a jury trial, defendant was convicted of aggravated sexual abuse in the second degree, sexual abuse in the first degree and endangering the welfare of a child. County Court thereafter sentenced defendant to a term of imprisonment, to be followed by a period of postrelease supervision. Defendant appeals.
Defendant first argues that the verdict is against the weight of the evidence. The mother testified at trial that she heard the child crying and, when she checked on the child, she saw defendant, who told her that he was putting the child's arm back in her pajamas. The mother then observed blood in the child's diaper and took the child to the hospital. The mother stated that, while en route to the hospital, the child told her that defendant "was going to kick her a**." A doctor who examined the child stated that the child had a cut or laceration in her vagina. The doctor also stated that the child's injury was not consistent with a straddle injury and that he had suspected that it was due to sexual abuse. The People offered proof that swabs of the child's vaginal area and diaper revealed the presence of male DNA and defendant was identified as a possible contributor. The People also offered testimony from a nurse, who stated that the child told her that defendant touched "[her] pee, and it hurt." The child likewise gave unsworn testimony that defendant had hurt her.
For his part, defendant testified and denied that he engaged in any inappropriate touching of the child. Defendant also stated that he observed the child straddling a crib and proffered testimony from a nurse that the child's injury was not consistent with penetration and was more indicative of a straddle injury. That said, a contrary result would not have been unreasonable if the jury had believed defendant's proof (see People v Bonaparte, 196 AD3d 866, 868 [3d Dept 2021], lv denied 37 NY3d 1025 [2021]). The jury, however, apparently credited the People's proof and was entitled to reject defendant's proof. Viewing the evidence in a neutral light and weighing the probative force of the conflicting testimony, as well as deferring to the jury's credibility determinations, the verdict with respect to the challenged crimes is not against the weight of the evidence (see People v Fournier, 137 AD3d 1318, 1320 [3d Dept 2016], lv denied 28 NY3d 929 [2016]; People v Nickel, 14 AD3d 869, 871 [3d Dept 2005], lv denied 4 NY3d 834 [2005]).
Defendant also argues that County Court [*2]erred by allowing the child, who was three years old at the time of trial, to testify without first inquiring whether the child had the intelligence and capacity to give unsworn testimony. "A witness less than nine years old may not testify under oath unless the court is satisfied that [such witness] understands the nature of an oath" (CPL 60.20 [2]). A "witness may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof" (CPL 60.20 [2]; see People v Nisoff, 36 NY2d 560, 566 [1975]; People v Zuke, 304 AD2d 910, 911 [3d Dept 2003], lv denied 100 NY2d 601 [2003]).
It is undisputed that, prior to the child giving unsworn testimony, County Court did not conduct any form of inquiry or examination of the child to determine whether the child possessed sufficient intelligence and capacity to give unsworn testimony (compare People v Scott, 86 NY2d 864, 865 [1995]; People v Miller, 295 AD2d 746, 747 [3d Dept 2002]). Without such inquiry or examination, the court could not make any determination as to whether the child was competent to give unsworn testimony. Indeed, there is no indication that the court made any findings or specific determination of the child's competency (compare People v Lowe, 289 AD2d 705, 706-707 [3d Dept 2001]). In view of the foregoing, the court erred by failing to conduct an inquiry of the child that satisfied the commands of CPL 60.20 (2) (see People v Rose, 223 AD2d 607, 608 [2d Dept 1996]; see generally People v Klein, 266 NY 188, 189-190 [1935]). The People contend that the initial questioning by the prosecutor and the child's responses thereto concerning pedigree information satisfied the strictures of CPL 60.20 (2). Even if we agreed with the People that such questioning was procedurally proper, the colloquy between the prosecutor and the child fails to disclose that the child "understood the difference between a truth and a lie and was competent to testify" (People v Scott, 86 NY2d at 865).
County Court's error in permitting the child to give unsworn testimony without conducting a proper inquiry under CPL 60.20 was not harmless given that the proof of defendant's guilt was not overwhelming (see generally People v Crimmins, 36 NY2d 230, 241 [1975]). Although this issue is unpreserved, as defendant acknowledges, we deem it necessary to exercise our interest of justice jurisdiction to reverse and order a new trial (see CPL 470.15 [6] [a]). Based on our determination, defendant's remaining assertions are academic.
Lynch, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of Washington County for a new trial.