■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY FLINT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the first degree and two counts each of rape in the first degree, sodomy in the first degree, and murder in the second degree. He contends that he was ille-

gally detained without probable cause at the Sheriff's Department, and that his confession should have been suppressed. At the *Huntley* hearing, the court found that defendant was in custody after failing the polygraph test, and that the police had probable cause to detain him at that time. We find that the evidence was legally insufficient to support the suppression court's finding *(see, People v Yukl,* 25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, *cert denied* 400 US 851; *see also, People v Bleakley,* 69 NY2d 490, 495), and we further conclude that defendant was not in custody prior to his confession (CPL 470.15 [1]; *People v Dyla,* 142 AD2d 423, 432-433; *People v Bailey,* 140 AD2d 356, 358; *People v McNeeley,* 77 AD2d 205, 208-209). The uncontroverted proof at the *Huntley* hearing demonstrates that he remained voluntarily at the Sheriff's Department until that time and was cooperative throughout the day. He was offered coffee, he smoked cigarettes, he said he was not hungry but ate a sandwich at about 8:15 P.M., he had use of the bathroom, and, prior to the polygraph test, he was told explicitly that he was free to leave. The only factor that changed after the polygraph was that defendant was told he had failed it. An innocent person would not have believed that he was in custody based on that information. Although defendant may have felt obligated to cooperate with the police in order to appear innocent, that subjective view by defendant does not require a finding that he was in custody earlier *(People v Yukl, supra,* at 591-592).

We have examined defendant's remaining arguments on appeal and find them to be without merit. (Appeal from judgment of Ontario County Court, Reed, J.—manslaughter, first degree, and other charges.) Present—Dillon, P. J., Doerr, Green, Pine and Davis, JJ.