■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD KROUTH, Appellant. [608 NYS2d 590] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant's conviction of sexual abuse in the first degree is supported by legally sufficient evidence *(People v Bleakley,* 69 NY2d 490, 495). Contrary to defendant's contention, the unsigned statement defendant gave to police officers and the unsworn testimony of the infant victim were sufficiently corroborated by the testimony of other witnesses present when the sexual contact occurred *(see, People v Groff,* 71 NY2d 101, 109-110; *People v Van Der Sluys,* 151 AD2d 983, *lv denied* 74 NY2d 853). Further, we reject the contention of defendant that the suppression court erred in denying his motion to suppress the unsigned statement that he gave to the police officers. The officers were not required to advise defendant of his *Miranda* rights a second time before they began questioning him regarding the allegations of sexual abuse *(see, People v Hall,* 152 AD2d 948, *lv denied* 74 NY2d 847). The record establishes that, after he was read his *Miranda* rights, defendant knowingly, intelligently and voluntarily waived those rights and agreed to speak to the officers.

Defendant failed to preserve for our review his contentions regarding the court's instructions to the jury on corroboration and the alleged prosecutorial misconduct during summation and we decline to review those issues in the interest of justice *(see,* CPL 470.15 [6]). Furthermore, by failing to move to dismiss the indictment, defendant has not preserved for our

review his contention that the evidence before the Grand Jury was legally insufficient. In any event, the sufficiency of the evidence before the Grand Jury is not reviewable on appeal from a conviction based on legally sufficient trial evidence *(see,* CPL 210.30 [6]; *People v Keller,* 194 AD2d 877; *People v Wingelo,* 152 AD2d 1001, 1002, *lv denied* 74 NY2d 854; *People v Ali,* 147 AD2d 847, 848).

Reversal is required, however, because a reconstruction hearing disclosed that defendant was not present in chambers during a *Sandoval* conference. Defendant's absence from that conference deprived him of his right to be present at all material stages of the proceedings against him *(see, People v Dokes,* 79 NY2d 656, 662; *see also, People v Cruz,* 81 NY2d 738; *People v Gebrosky,* 80 NY2d 995; *People v Hall,* 201 AD2d 891 [decided herewith]). Moreover, the record does not establish that defendant's presence at that conference would have been "superfluous" *(People v Odiat,* 82 NY2d 872, 874; *see, People v Favor,* 82 NY2d 254; *People v Beasley,* 80 NY2d 981, *rearg denied* 81 NY2d 759; *People v Dokes, supra,* at 662). (Appeal from Judgment of Monroe County Court, Maloy, J.—Sexual Abuse, 1st Degree.) Present—Pine, J. P., Fallon, Doerr, Davis and Boehm, JJ.