■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY NORWOOD, Respondent. [630 NYS2d 328] —Appeal by the People, as limited by their brief, from so much of an order of the County Court, Westchester County (Murphy, J.), entered December 6, 1994, as, upon reargument, granted those branches of the defendant's omnibus motion which were to dismiss the first, third, and fifth counts of the indictment insofar as asserted against the defendant.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendant's motion which were to dismiss the first, third, and fifth counts of the indictment insofar as asserted against him are denied, the first, third, and fifth counts of the indictment are reinstated, and the matter is remitted to the County Court, Westchester County, for further proceedings on the indictment.

The defendant Anthony Norwood and an accomplice were allegedly responsible for the shooting homicide of an individual in Yonkers. After hearing evidence, the Westchester County Grand Jury returned Indictment No. 93-01587 against both men. The first count jointly charged the defendant and his accomplice with murder in the second degree, and the third, fifth, and seventh counts charged the defendant individually with the offenses of criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, respectively.

Following the denial of those branches of his omnibus motion which were to dismiss the indictment for alleged insufficient evidence and erroneous instructions, the defendant was advised by the prosecution of certain testimony given by one witness before the Grand Jury. The defendant thereupon renewed his motion, *inter alia,* to dismiss the indictment. In an order entered December 6, 1994, the County Court granted those branches of the defendant's motion which were to dismiss the first, third, and fifth counts of the indictment insofar as asserted against him, determining that the Grand Jury proceedings had been rendered defective by reason of the prosecutor's failure to instruct the Grand Jury regarding the defense of duress. We disagree.

Even assuming that the affirmative defense of duress *(see,* Penal Law § 40.00; *People v Bastidas,* 67 NY2d 1006) may, under appropriate circumstances, be submitted for consideration by the Grand Jury *(see generally, People v Mitchell,* 82 NY2d 509; *People v Lancaster,* 69 NY2d 20, *cert denied* 480 US 922; *People v Valles,* 62 NY2d 36), such a submission in this case would have been improper because the evidence was inadequate to warrant it. Therefore, the County Court erred in dismissing the first, third, and fifth counts of the indictment insofar as asserted against the defendant Anthony Norwood. Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.