THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON BITTING, Appellant. [637 NYS2d 820] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment following a jury trial convicting him of three counts of sodomy in the first degree (Penal Law § 130.50 [3]), defendant contends: (1) that County Court failed to conduct a voir dire of the complainant, a nine-year-old girl, to determine whether she was competent to testify as an unsworn witness pursuant to CPL 60.20; (2) that the unsworn testimony of the complainant with regard to two of the three counts of the indictment was not sufficiently corroborated by defendant's confession; and (3) that defendant's sentence was harsh and excessive.

Because defendant failed to object at the time that the court

permitted the complainant to give unsworn testimony, the issue of her competency to testify is not preserved for appellate review *(see, People v Strong,* 172 AD2d 1059). Were we to exercise our power to review that issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]), we would nevertheless affirm. The testimony of the complainant establishes that she possessed sufficient intelligence and capacity to give unsworn testimony. In addition, the court properly charged the jury on the corroboration required by CPL 60.20 (3) for convictions based on unsworn testimony.

The record reflects that the complainant's unsworn testimony is sufficiently corroborated by "evidence tending to establish the crime and connecting defendant with its commission" *(People v Groff,* 71 NY2d 101, 104). In addition, the unsworn testimony was corroborated by defendant's statement, which itself requires corroboration under CPL 60.50. "Such cross-corroboration is permitted in cases where, as here, the corroboration requirements of each statement are set forth in different statutes for different reasons" *(People v Philipp,* 106 AD2d 681, 682, citing *People v Coleman,* 42 NY2d 500, 506). In light of the serious nature of the crimes involved, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Sodomy, 1st Degree.) Present—Pine, J. P., Fallon, Wesley, Doerr and Davis, JJ.