■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROBERT SZCZERBACKI, Also Known as JAMES BOUTON, Appellant. [653 NYS2d 883] —Judgment unanimously affirmed. Memorandum: There is no merit to the contention that defendant was entitled to have the Grand Jury charged with the affirmative defense to felony murder, i.e., that he "[h]ad no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3] [d]). The evidence before the Grand Jury did not warrant the submission of that affirmative defense (*see*, *People v Norwood*, 217 AD2d 711, 712).

We reject the contention of defendant that the court erred in denying his motion to suppress oral and written statements he gave to police officers. The record establishes that, after the officers read defendant his *Miranda* rights, he knowingly, intelligently and voluntarily waived those rights and agreed to

speak to the officers (*see, People v Krouth,* 201 AD2d 912). The officers were not required to readminister the *Miranda* warnings before they began questioning defendant at the police station one hour after they initially arrived at his home to speak to him (*see, People v Krouth, supra*).

The court properly denied defendant's *Payton* motion (*see, Payton v New York,* 445 US 573). The evidence establishes that the police entered defendant's residence with the consent of defendant's parents and were never asked to leave (*see, People v Long,* 124 AD2d 1016, 1017).

Defendant's contention that the conviction of robbery and felony murder is not supported by sufficient evidence is not preserved for our review (*see, People v Gray,* 86 NY2d 10, 19). In any event, that contention lacks merit (*see, People v Bleakley,* 69 NY2d 490, 495).

Also unpreserved for our review are defendant's contentions concerning a prosecution witness whose name did not appear on the prosecutor's list of prospective witnesses and the court's instruction to the jury regarding the fact that defendant was in custody (*see,* CPL 470.05 [2]). We decline to exercise our power to reach those contentions as a matter of discretion in the interest of justice (CPL 470.15 [6] [a]).

Because defendant failed to object to what he perceived to be partiality on the part of the trial court, that issue is unpreserved for our review (*see, People v Charleston,* 56 NY2d 886, 887), and we decline to exercise our power to reach it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.