■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MACRI, Appellant. [665 NYS2d 158] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of arson in the second degree (Penal Law § 150.15), criminal mischief in the second degree (Penal Law § 145.10) and reckless endangerment in the first degree (Penal Law § 120.25), arising out of a fire at a building containing 15 apartments.

There is no merit to the contention of defendant that his statements should have been suppressed. The record supports the determination of the suppression court that defendant was not in custody during the polygraph examination or the postexamination interview, during which he made admissions (*see, People v Dyla,* 142 AD2d 423, 432-433, *lv denied* 74 NY2d 808; *see also, People v Flint,* 151 AD2d 964, 965, *lv denied* 74 NY2d 739). In any event, the record supports the determination of the suppression court that defendant was given timely *Miranda* warnings before he took the polygraph examination and that he knowingly and voluntarily waived his rights before he agreed to take the examination and speak to the officers (*see, People v Szczerbacki,* 236 AD2d 840, *lv denied* 90 NY2d 864).

We conclude that the evidence is legally sufficient to support defendant's conviction (*see, People v Bleakley,* 69 NY2d 490, 495). Because defendant's admission constitutes direct evidence of guilt (*see, People v Corey,* 233 AD2d 773, *lv denied* 89 NY2d 984; *see also, People v Rosner,* 67 NY2d 290, 295), County Court properly denied defendant's request for a moral certainty instruction, which is required in cases where the evidence is

exclusively circumstantial (*see, People v Daddona,* 81 NY2d 990, 992; *People v Smeraldo,* 242 AD2d 886; *People v Robbins,* 229 AD2d 1008).

Defendant was not deprived of a fair trial by cumulative trial errors. We have considered the remaining contentions set forth in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Jefferson County Court, Clary, J.—Arson, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Balio and Fallon, JJ.