■ The People of the State of New York, Respondent, v Steven Wacht, Appellant. [689 NYS2d 795] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his statement should have been suppressed. The record supports the suppression court's determination that defendant was not in custody during the polygraph examination or during the postexamination interview (*see, People v Macri,* 244 AD2d 970, *lv denied* 91 NY2d 876; *People v Hofmann,* 238 AD2d 716, 719, *lv denied* 90 NY2d 940; *cf., People v Flint,* 151 AD2d 964, 965, *lv denied* 74 NY2d 739). Defendant did not make an unequivocal request for an attorney when he questioned whether an attorney could be appointed for him during the polygraph examination (*see, e.g., People v Fridman,* 71 NY2d 845, 846; *People v Hicks,* 69 NY2d 969, 970, *rearg denied* 70 NY2d 796; *People v Dehmler,* 188 AD2d 1056, 1057, *lv denied* 81 NY2d 1013). In any event, defendant was advised that, if he asked for an attorney, all questioning would cease, and defendant decided instead to continue with the examination. We further reject defendant's contention that County Court erred in failing to determine whether the victim, who was eight years old at the time of trial, was competent to give sworn testimony (*see,* CPL 60.20 [2]). The victim did not testify under oath, and her responses to questioning demonstrated that she possessed sufficient intelligence and capacity to justify the admission of her unsworn testimony (*see,* CPL 60.20 [2]). (Appeal from Judgment of Cayuga County Court, Corning, J.—Sexual Abuse, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.