OPINION OF THE COURT
Dominic R. Massaro, J.
The herein defendant, Miguel Quiles, has been indicted for the following crimes: murder in the second degree (Penal Law *815 § 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03).
Defendant moves to suppress a certain statement, which he claims was taken from him in an illegal manner deprivative of his constitutional rights.
At a Huntley hearing conducted by the Court (see, People v Huntley, 15 NY2d 72 [1965]), the sole witness, New York City Detective Gilbert Lugo, was called by the People. His testimony was both-candid and credible.
Burden of Proof
The People bear the burden of establishing that the police conduct with reference to the issue at hand, that is, informing defendant of his Miranda rights before eliciting a statement from him, was legal, untainted and constitutionally firm (see, Miranda v Arizona, 384 US 436 [1966]; see also, People v DiStefano, 38 NY2d 640 [1976]; People v Berrios, 28 NY2d 361 [1971]). Defendant claims that the statement in question was obtained in an involuntary manner as proscribed in CPL 60.45.
Finding of Fact
Mr. Quiles was apprehended in Coamo, Puerto Rico, by Detectives Lugo and Joseph Miraglia in connection with the death of one Juan Soto. The homicide grew out of a Bronx pool hall shooting of the victim. Following interrogation by both detectives, Mr. Quiles gave a statement/confession regarding the killing of Mr. Soto. The statement was taken by Detective Miraglia. Defendant was appropriately given Miranda warnings by this detective; thereupon, he voluntarily answered questions “[w]ith the understanding that he knew and understood his rights.”[1] Defendant’s initial statement regarding the shooting was that “he closed his eyes hard” when he heard gunfire in the pool hall.[2] This was challenged as to credibility in light of the fact “that the defendant had been threatened by the victim on several occasions” and at least one “slapping” incident between the parties.[3] After further questioning, Mr. Quiles gave a confessiorial statement admit *816 ting the homicide: “that he went into a pool hall and shot * * * the victim.”[4]
Justification
The United States Supreme Court has established the standard of proof for admissibility of a confession as evidence if the threshold issue of voluntariness is established by a “preponderance of the evidence” (Lego v Twomey, 404 US 477 [1972]). Our Court of Appeals has adopted a higher standard of proof, holding that voluntariness must be established “beyond a reasonable doubt” (see, People v Rosa, 65 NY2d 380 [1985]; People v Valerius, 31 NY2d 51 [1972]).
In the instant case, Mr. Quiles raises neither the issue of “probable cause” nor illegal arrest. His sole contention is that the People failed to establish beyond a reasonable doubt the voluntariness and the authenticity of the given statement. Defendant presses on the issue of coercion exerted, in particular by Detective Miraglia during his transport from the point of apprehension to the local police station house. No factual basis whatsoever to substantiate this claim can be found on this record, however. Mr. Quiles underscores the statement’s lack of a signature, and a paucity of evidence to point to its voluntary nature. Likewise, he charges total fabrication conjured by the police. The court finds that the lack of defendant’s signature on the statement in question is of little import. The testimony is clear: “he refused to [sign it] ,”[5] A Miranda warning is first set forth on the document, and Mr. Quiles is recorded as willing to answer questions. This is followed by specific, detailed information regarding the underlying incident, indicia belying his claim of involuntariness. As to fabrication attributable to the police, aside from the naked assertion of same, no weight of evidence in support thereof is apparent. Rather, “[t]he record establishes that, after he was read his Miranda rights, defendant knowingly, intelligently and voluntarily waived these rights and agreed to speak to the officers” (People v Krouth, 201 AD2d 912 [4th Dept 1994]).
Conclusion
The People have presented a credible witness — indeed, a witness-signor, Detective Lugo, as to the statement — and a personalized, first-person confession containing information *817 highly unlikely to otherwise have been known to the interrogating officers. The statement, because of this specificity and particularity, is strongly suggestive that the confession it contains was voluntarily recited. The Miranda warning preceding the detailed statement combines with police officer signatures and over-all testimonial credibility to further support the People’s obligation in meeting the standard of proof for admissibility.
Defendant’s motion to suppress the proffered statement(s) is denied.

. Transcript, People’s direct, at 4, lines 2-14; defendant’s cross, at 18, lines 8-11.

. Transcript, defendant’s cross, at 8, lines 8-15.

. Transcript, People’s direct, at 6, lines 3-12; defendant’s cross, at 22, lines 19-21.

. Transcript, People’s direct, at 6, lines 13-15; defendant’s cross, at 31, lines 20-22.

. Transcript, defendant’s cross, at 28, line 25; at 29, lines 2-7.