■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CEPEDA, Appellant. [816 NYS2d 437]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J.), rendered April 27, 2005, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendant was charged with criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1), which requires a prior conviction as an essential element of the crime. The special information filed with the indictment stated that defendant had been convicted of criminal possession of marijuana in the fifth degree in 2003. However, at the plea proceeding, after defendant admitted that he possessed a gravity knife, the court inadvertently elicited defendant's admission that he had been convicted of criminal sale of a controlled substance in the third degree in 1998, the crime specified in the predicate

felony statement. Although cast in terms of a constructive amendment of the indictment, defendant's claim is essentially an argument that the indictment and his factual allocution did not match. Since defendant's motion to withdraw his plea was on completely different grounds, defendant failed to preserve his present claim (*People v Lopez*, 71 NY2d 662, 665 [1988]). Moreover, even a constructive amendment claim made in the context of a conviction after trial requires preservation (*see e.g. People v Hernandez*, 273 AD2d 176 [2000], *lv denied* 95 NY2d 890 [2000]). We decline to reach the merits of this claim in the interest of justice. Were we to do so, we would find that defendant pleaded guilty to the same criminal transaction that was considered by the grand jury, and the inadvertent mistake by the court in substituting one undisputed prior conviction for another did not change the prosecution's theory of the case, prejudice defendant on the merits or render his plea involuntary (*see People v Rivera*, 84 NY2d 766, 771 [1995]). "An appellate court must determine an appeal without regard to technical errors or defects which do not affect the substantial rights of the parties" (CPL 470.05 [1]), and the error here exemplifies such a technicality.

The court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The court made an informed determination that defendant's plea was entered in a knowing, intelligent and voluntary manner, and with effective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]). Defendant's conclusory claims of innocence and coercion were refuted by the record and did not warrant further inquiry. The coercion claim did not require substitution of counsel (*see e.g. People v Hines*, 267 AD2d 17 [1999], *lv denied* 94 NY2d 921 [2000]), especially since defendant never specified who allegedly "coerced" him. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.