THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELWOOD L. RAYMOND, Appellant. [876 NYS2d 264]—

Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered January 21, 2008. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that County Court erred in permitting the six-year-old victim to give unsworn testimony (*see People v Bitting*, 224 AD2d 1012 [1996], *lv denied* 88 NY2d 845 [1996]). In any event, the record establishes that the victim "possesse[d] sufficient intelligence and capacity to justify" her unsworn testimony (CPL 60.20 [2]; *see People v Wacht*, 261 AD2d 932 [1999]; *Bitting*, 224 AD2d 1012 [1996]). Defendant also failed to preserve for our review his challenge to the court's charge on corroboration and his contention that the victim's unsworn testimony was not corroborated (*see* CPL 470.05 [2]). In any event, we conclude that the court's charge was proper and that the victim's unsworn testimony was sufficiently corroborated by "evidence tending to establish the crime and connecting defendant with its commission" (*People v Groff*, 71 NY2d 101, 104 [1987]; *see People v Petrie*, 3 AD3d 665, 667 [2004]), including defendant's statement to the police (*Petrie*, 3 AD3d at 667-668; *People v Thomas*, 267 AD2d 949, 950 [1999], *lv denied* 95 NY2d 805 [2000]; *People v Pullman*, 234 AD2d 955 [1996], *lv denied* 89 NY2d 1099 [1997]).

Defendant failed to renew his motion for a trial order of dis-

missal after presenting evidence and thus failed to preserve for our review his contention that the evidence is legally insufficient (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Diefenbacher*, 21 AD3d 1293, 1294 [2005], *lv denied* 6 NY3d 775 [2006]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, the unsworn testimony of the victim was not incredible as a matter of law (*see People v Johnson*, 56 AD3d 1172, 1173 [2008], *lv denied* 11 NY3d 926 [2009]; *People v Black*, 38 AD3d 1283, 1285 [2007], *lv denied* 8 NY3d 982 [2007]), and it cannot be said that the jury failed to give her testimony the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495). We reject the further contention of defendant that he was denied effective assistance of counsel. Rather, we conclude that the evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). The sentence is not unduly harsh or severe. Defendant failed to preserve his remaining contentions for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Hurlbutt, J.P., Martoche, Centra, Peradotto and Gorski, JJ.