■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONAS DELPRINCE, Appellant. [894 NYS2d 269]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 2, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [9]) and endangering the welfare of a child (§ 260.10 [1]). Contrary to defendant's contention, Supreme Court properly allowed the five-year-old victim to give unsworn testimony (*see People v Paul*, 48 AD3d 833 [2008], *lv denied* 10 NY3d 868 [2008]; *People v Miller*, 295 AD2d 746, 747-748 [2002]). Although the victim did not understand the nature of an oath and thus could not give sworn testimony, he possessed "sufficient intelligence and capacity" to give unsworn evidence (CPL 60.20 [2]; *see People v Raymond*, 60 AD3d 1388 [2009], *lv denied* 12 NY3d 919 [2009]). Defendant failed to preserve for our review his further contention that the victim's unsworn testimony was not sufficiently corroborated (*see Raymond*, 60

AD3d 1388 [2009]; *People v McLoud*, 291 AD2d 867 [2002], *lv denied* 98 NY2d 678 [2002]) and, in any event, that contention is without merit (*see Raymond*, 60 AD3d 1388 [2009]; *Paul*, 48 AD3d 833 [2008]; *see generally* CPL 60.20 [3]; *People v Groff*, 71 NY2d 101, 103-104, 109-110 [1987]). Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to establish that the victim sustained a physical injury (*see People v Hawkes*, 39 AD3d 1209, 1210 [2007], *lv denied* 9 NY3d 844, 845 [2007]; *People v Sommerville*, 30 AD3d 1093, 1095 [2006]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Lindley, Pine and Gorski, JJ.