# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1295
KA 12-01692
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ADRIAN DIXON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL D. SMITH OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 12, 2012. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to support the conviction despite the fact that no witness observed defendant in possession of the weapon (*see People v Mateo*, 13 AD3d 987, 988, *lv denied* 5 NY3d 883). Viewing the evidence in the light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review his contention that his waiver of the right to a jury trial is invalid on the ground that the record does not establish that he signed the written waiver in open court (*see People v Moran*, 87 AD3d 1312, 1312, *lv denied* 19 NY3d 976; *People v Brunson*, 307 AD2d 323, 324, *lv denied* 100 NY2d 641). In any event, that contention lacks merit inasmuch as the record of the waiver colloquy, which took place in open court, establishes that defendant discussed the waiver with defense counsel, stated that he understood the nature and consequences of the waiver, and acknowledged that he had signed the waiver form (*see People v Badden*, 13 AD3d 463, 463, *lv denied* 4 NY3d 796; *Brunson*, 307 AD2d at 324). Defendant's

further contention that his waiver of the right to a jury trial is invalid on the ground that the written waiver bears an incorrect date is also unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, does not warrant reversal.  This Court "must determine an appeal without regard to technical errors or defects which do not affect the substantial rights of the parties . . . , and the error here exemplifies such a technicality" (*People v Cepeda*, 29 AD3d 491, 492, *lv denied* 7 NY3d 810 [internal quotation marks omitted]).

Finally, we reject defendant's contention that County Court erred in failing to rule on that part of his pretrial motion seeking dismissal of the indictment on the ground that the grand jury proceedings were defective.  The record establishes that the court in fact denied that part of defendant's motion (*cf. People v Jones*, 103 AD3d 1215, 1217, *lv dismissed* 21 NY3d 944; *People v Spratley*, 96 AD3d 1420, 1421, *following remittal* 103 AD3d 1211, *lv denied* 21 NY3d 1020).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court