# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**828**

**KA 15-00008**

PRESENT: CARNI, J.P., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANDY ASHKAR, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 23, 2013. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of stolen property in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of 5 to 15 years, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of criminal possession of stolen property in the first degree (Penal Law § 165.54). Defendant failed to preserve for our review his contention that his waiver of the right to a jury trial is invalid on the ground that the record fails to establish either that he signed the written waiver in open court (*see People v Dixon*, 113 AD3d 1104, 1104, *lv denied* 23 NY3d 962), or that the waiver was knowing, intelligent, and voluntary (*see People v Magnano*, 158 AD2d 979, 979, *affd* 77 NY2d 941, *cert denied* 502 US 864; *People v Dallas*, 119 AD3d 1362, 1364, *lv denied* 24 NY3d 1083). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant "knowingly possesse[d] stolen property," i.e., a winning $5 million lottery ticket, and that "the value of the property exceed[ed] one million dollars" (Penal Law

§ 165.54; *see* § 155.20 [2] [c]). Viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that he was denied effective assistance of counsel. Defense counsel's representation was not ineffective based upon his failure to object to alleged instances of prosecutorial misconduct (*see People v Swan*, 126 AD3d 1527, 1527), to renew his motion for a trial order of dismissal at the close of the evidence (*see People v Woodard*, 96 AD3d 1619, 1621, *lv denied* 19 NY3d 1030), or to cross-examine the victim more vigorously (*see People v Adams*, 247 AD2d 819, 819, *lv denied* 91 NY2d 1008). Rather, the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant was afforded meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). To the extent that defendant's contention is based upon defense counsel's allegedly inadequate or erroneous advice concerning defendant's waiver of a jury trial, the contention is properly raised in a motion pursuant to CPL 440.10 (*see Magnano*, 158 AD2d at 979).

We agree with defendant, however, that the imposition of the maximum sentence is unduly harsh and severe, particularly in light of the fact that defendant has no prior criminal history and his crime did not involve the use of violence or threats thereof. We therefore modify the judgment as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of incarceration of 5 to 15 years, which is the sentence that the People requested after defendant was convicted.

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court