People v Lane (2018 NY Slip Op 02925)





People v Lane


2018 NY Slip Op 02925


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


182 KA 17-01382

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROY LANE, DEFENDANT-APPELLANT. 






MULDOON, GETZ & RESTON, ROCHESTER (JON P. GETZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered July 12, 2016. The judgment convicted defendant, upon a nonjury verdict, of sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, following a nonjury trial, of sexual abuse in the first degree (Penal Law
§ 130.65 [3]), defendant contends that the conviction is not based on legally sufficient evidence and that the verdict is against the weight of the evidence. As defendant correctly concedes, his challenge to the sufficiency of the evidence is not preserved for our review because he failed to renew his motion for a trial order of dismissal after he presented evidence (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Raymond, 60 AD3d 1388, 1388-1389 [4th Dept 2009], lv denied 12 NY3d 919 [2009]). In any event, we conclude that both contentions lack merit.
Defendant challenges the sufficiency and weight of the evidence on the ground that neither his admissions in statements to the police nor the child victim's unsworn testimony was corroborated, as required by CPL 60.20 (3) and 60.50. Defendant's challenges to the sufficiency of the corroboration are unpreserved for our review (see People v Tyra, 84 AD3d 1758, 1759 [4th Dept 2011], lv denied 17 NY3d 822 [2011]; People v Juara, 279 AD2d 479, 480 [2d Dept 2001], lv denied 96 NY2d 831 [2001]), and lack merit inasmuch as defendant's admissions and the victim's unsworn testimony cross-corroborated each other (see People v Bitting, 224 AD2d 1012, 1012 [4th Dept 1996], lv denied 88 NY2d 845 [1996]; People v Hamelinck, 222 AD2d 1024, 1024 [4th Dept 1995], lv denied 87 NY2d 921 [1996]; see generally People v Groff, 71 NY2d 101, 109-110 [1987]). Moreover, although "prompt outcry evidence alone may not suffice to corroborate the testimony of an unsworn witness, it may be considered by the [factfinder] on the issue of corroboration under CPL 60.20" where, as here, there is other corroborative evidence (People v Cordero, 257 AD2d 372, 377 [1st Dept 1999], lv denied 93 NY2d 968 [1999]).
To the extent that defendant also contends that County Court erred in allowing the victim to give unsworn testimony, that contention is not preserved for our review and lacks merit. "[T]he record establishes that the victim possesse[d] sufficient intelligence and capacity to justify' her unsworn testimony" (Raymond, 60 AD3d at 1388, quoting CPL 60.20 [2]; see People v DelPrince, 70 AD3d 1350, 1350 [4th Dept 2010], lv denied 14 NY3d 840 [2010]).
The victim's unsworn testimony and defendant's admissions in his statements to the police are legally sufficient to establish that defendant rubbed the victim's groin and inserted a finger into her vagina, and "[t]he inference that defendant was seeking sexual gratification is clearly appropriate where, as here, a nonrelative touches the intimate parts of a child" (People v [*2]Owens, 149 AD3d 1561, 1563 [4th Dept 2017], lv denied 30 NY3d 982 [2017]). We reject defendant's contention that he did not understand the import of his signed statements to the police inasmuch as "the record does not support a finding that he was unable to understand the meaning of his statements' " (People v Carbonaro, 134 AD3d 1543, 1548 [4th Dept 2015], lv denied 27 NY3d 994 [2016], reconsideration denied 27 NY3d 1149 [2016], quoting People v Schompert, 19 NY2d 300, 305 [1967], cert denied 389 US 874 [1967]).
We thus conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see Bleakley, 69 NY2d at 495; cf. People v Wallace, 306 AD2d 802, 803 [4th Dept 2003]).
"Defendant failed to preserve for our review his contention that his waiver of the right to a jury trial is invalid on the ground that the record fails to establish either that he signed the written waiver in open court . . . , or that the waiver was knowing, intelligent, and voluntary" (People v Ashkar, 130 AD3d 1568, 1569 [4th Dept 2015], lv denied 26 NY3d 1142 [2016]; see People v Hailey, 128 AD3d 1415, 1415-1416 [4th Dept 2015], lv denied 26 NY3d 929 [2015]). In any event, that contention lacks merit inasmuch as defendant " waived his right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2) . . . , and the record establishes that [his] waiver was knowing, voluntary, and intelligent' " (Hailey, 128 AD3d at 1416).
Defendant further contends that he was denied effective assistance of counsel based on numerous alleged failures of defense counsel. To the extent that defendant contends that defense counsel was ineffective in failing to investigate the charges and defendant's psychiatric history and in failing to call an expert witness, that contention is "based on matters outside the record on appeal, [and] must be raised by way of a motion pursuant to CPL article 440" (People v West, 118 AD3d 1450, 1451 [4th Dept 2014], lv denied 24 NY3d 1048 [2014]). With respect to the remaining instances of alleged ineffective assistance, viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court