People v Sablan (2019 NY Slip Op 07952)





People v Sablan


2019 NY Slip Op 07952


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

108952

[*1]The People of the State of New York, Respondent,
v
Jennifer Sablan, Appellant.

Calendar Date: October 9, 2019

Before: Garry, P.J., Mulvey, Devine and Aarons, JJ.


G. Scott Walling, Slingerlands, for appellant, and appellant pro se.
Letitia James, Attorney General, New York City (Paul B. Lyons of counsel), for respondent.



Mulvey, J.
Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered October 11, 2016 in Albany County, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree, and (2) from a judgment of said court, rendered February 8, 2017 in Albany County, which resentenced defendant.
Defendant and her 20 codefendants were charged in a 263-count indictment with various crimes stemming from a widespread conspiracy to distribute heroin throughout the state. Specifically, defendant was charged with conspiracy in the second degree, criminal sale of a controlled substance in the second degree (five counts), criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree. In full satisfaction of the charged crimes, defendant agreed to plead guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree with the understanding that she would be sentenced as a second felony offender to a prison term of no more than seven years followed by five years of postrelease supervision. The plea agreement, which required defendant to waive her right to appeal, was contingent upon defendant cooperating in the prosecution of her codefendants; absent such cooperation, defendant could be sentenced to up to nine years in prison. Defendant pleaded guilty and the matter was adjourned for sentencing. Upon being apprised that defendant refused to testify against her codefendants, Supreme Court sentenced defendant as a second felony offender to a prison term of nine years followed by five years of postrelease supervision. After discovering that the period of postrelease supervision imposed was unauthorized, Supreme Court resentenced defendant to a prison term of nine years followed by 2½ years of postrelease supervision. These appeals ensued.
We affirm. Defendant initially contends that Supreme Court erred in sentencing her as a second felony offender because her out-of-state residential burglary conviction was not the equivalent of a felony in New York (see Penal Law § 70.06 [1] [b] [i]). Although defendant's argument survives her unchallenged waiver of the right to appeal because it implicates the legality of her sentence, "such an argument must be preserved at the trial level, where the 'production and examination of foreign accusatory instruments and, conceivably, the resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions,' may occur" (People v Murdie, 134 AD3d 1353, 1354 [2015], quoting People v Samms, 95 NY2d 52, 57 [2000]). Defendant did not contest the predicate felony statement at sentencing, and defense counsel agreed that defendant's out-of-state residential burglary conviction would constitute a violent felony in New York (see People v Taylor, 144 AD3d 1317, 1319 [2016], lvs denied 28 NY3d 1144, 1151 [2017]; People v Murdie, 134 AD3d at 1354; People v Johnson, 133 AD3d 1028, 1029 [2015]). "Although there is a narrow exception to the preservation rule permitting appellate review when a sentence's illegality is readily discernible from the record, this case does not fall within that narrow exception because resolution of the question [of] whether the [out-of-state] conviction is the equivalent of a New York felony requires resort to outside facts, documentation or foreign statutes" (People v Lopez, 164 AD3d 1625, 1625-1626 [2018] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 32 NY3d 1174 [2019]; see People v Diaz, 115 AD3d 483, 484 [2014], lv denied 23 NY3d 1036 [2014]). Finally, given that defendant has a viable avenue of relief — namely, a motion to vacate her sentence pursuant to CPL 440.20 (1) — we decline to take corrective action in the interest of justice (see People v Lopez, 164 AD3d at 1626). Defendant's related ineffective assistance of counsel claim implicates matters outside of the record and, therefore, is more appropriately addressed via a CPL article 440 motion (see People v Diaz, 115 AD3d at 484).
The arguments raised in defendant's pro se brief are unpersuasive. The plea agreement contemplated that defendant would plead guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree as charged in count 15 of the indictment, which accused defendant of acting in concert with a particular codefendant to sell heroin in the City of Albany on December 29, 2015. During the plea colloquy, however, Supreme Court recited the date set forth in count 40 of the indictment, which accused defendant of acting in concert with the same codefendant to "sell one or more preparations, compounds, mixtures or substances containing . . . heroin" in the City of Albany on January 3, 2016. Defendant now argues that Supreme Court's misstatement rendered the underlying indictment jurisdictionally defective. We disagree.
"An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all" (People v Thacker, 173 AD3d 1360, 1361 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 938 [2019]; see People v Park, 163 AD3d 1060, 1064 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]). Contrary to defendant's assertion, she did not plead guilty to a nonexistent crime, nor did she plead guilty to a crime that was not a lesser included offense of a crime charged in the indictment. Defendant was charged with criminal sale of a controlled substance — albeit to different degrees — under both count 15 and count 40 of the indictment, and she pleaded guilty to a valid lesser included offense thereof. As a result, defendant's argument essentially distills to a claim "that the indictment and [her] factual allocution did not match" (People v Cepeda, 29 AD3d 491, 492 [2006], lv denied 7 NY3d 810 [2006]), which constitutes a nonjurisdictional and technical defect subject to the preservation requirement (see generally People v Conceicao, 26 NY3d 375, 382 [2015]; People v Small, 166 AD3d 1237, 1238 [2018]).
To the extent that defendant's pro se brief may be read as challenging the factual sufficiency of her plea, such claim is precluded by her unchallenged appeal waiver (see People v Hummel-Parker, 171 AD3d 1397, 1398 [2019]; People v Haverly, 161 AD3d 1483, 1484 [2018], lv denied 32 NY3d 938 [2018]); any assertion that the resulting plea was involuntary is unpreserved for our review in the absence of an appropriate postallocution motion, and the narrow exception to the preservation requirement is inapplicable (see People v Castro, 170 AD3d 1286, 1287-1288 [2019], lv denied 33 NY3d 1029 [2019]; People v Gumbs, 169 AD3d 1119, 1119 [2019], lv denied 33 NY3d 1105 [2019]). Defendant's pro se ineffective assistance of counsel claim — to the degree that it impacts upon the voluntariness of her plea — is similarly unpreserved (see People v Muller, 159 AD3d 1232, 1232 [2018]), and her assertions that defense counsel failed to properly investigate her case and research her prior criminal history implicate matters outside of the record that are more properly the subject of a CPL article 440 motion (see People v Moore, 169 AD3d 1110, 1112 [2019], lv denied 33 NY3d 979 [2019]). Defendant's remaining pro se claims have been examined and found to be lacking in merit.
Garry, P.J., Devine and Aarons, JJ., concur.
ORDERED that the judgments are affirmed.