People v Meir (2019 NY Slip Op 09205)





People v Meir


2019 NY Slip Op 09205


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1238 KA 18-00500

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERICK MEIR, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 11, 2017. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child and predatory sexual assault. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of predatory sexual assault against a child (Penal Law § 130.96) and predatory sexual assault (§ 130.95 [3]), arising from defendant's sexual assault of a three-year-old child. Defendant contends that the conviction is not based on legally sufficient evidence and that the verdict is against the weight of the evidence because neither his statements to police nor the victim's unsworn testimony was corroborated. We conclude that defendant's contentions lack merit.
Defendant's statements and the unsworn testimony of the victim cross-corroborated each other (see People v Lane, 160 AD3d 1363, 1364 [4th Dept 2018]; People v Bitting, 224 AD2d 1012, 1013 [4th Dept 1996], lv denied 88 NY2d 845 [1996]). Moreover, the testimony from both the victim's pediatrician and aunt provided further corroboration. Thus, we conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; Lane, 160 AD3d at 1365).
We reject defendant's contention that Supreme Court erred in denying his motion to preclude the People's expert witness from testifying regarding child sexual abuse accommodation syndrome (CSAAS). Such expert testimony has long been admissible to explain behavior of a victim that might be puzzling to a jury (see People v Nicholson, 26 NY3d 813, 828 [2016]; People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]). Here, the expert testimony was properly admitted to assist the jury in understanding the victim's response to the sexual abuse and in assessing the victim's credibility. Contrary to defendant's contention, the expert did not exceed the bounds of what is permissible inasmuch as the expert's testimony was " general in nature and [did] not constitute an opinion that [the] particular alleged victim [was] credible or that the charged crimes in fact occurred' " (People v Graham, 171 AD3d 1566, 1570 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). Thus, the court did not abuse its discretion in permitting that testimony (see id.; cf. People v Ruiz, 159 AD3d 1375, 1376 [4th Dept 2018]).
Contrary to defendant's further contention, his sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they do not require [*2]reversal or modification of the judgment.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court